## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID CHUOL & | ) | CIVIL ACTION |
| | ) | |
| On behalf of himself and all other | ) | Case No. |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| NEBRASKA BEEF, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Plaintiff, David Chuol, on behalf of himself and other similarly situated employees (hereinafter collectively referred to as "Plaintiff"), brings this lawsuit against Defendant, Nebraska Beef (hereinafter "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), and Nebraska. Plaintiff alleges, upon information and belief, except as to the allegations that pertain to the named Plaintiff and his counsel, which are based upon personal knowledge, as follows:

### I.  INTRODUCTION

1.    This is a class action brought by Plaintiff on behalf of himself and all other similarly situated current and former hourly production and support employees of Defendant, at its beef slaughter and processing facility located in Omaha, Nebraska.

2.    Plaintiff was an employee of Defendant's Beef processing facility located in Omaha, Nebraska. Defendant has failed to pay Plaintiff his minimum hourly rate of

pay for all hours of work he performed in addition to overtime as required by Federal law.

3.      The uncompensated time includes, but is not limited to, all time spent preparing, donning and doffing PPE, waiting to receive protective equipment and sanitize their persons, walking to work stations waiting for production work to begin, sanitizing sanitary and safety equipment, persons and clothing, waiting in line to sanitize their persons, protective equipment and work tools, time spent sharpening knives, and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

## II.    JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), and because they raise a Federal question pursuant to 28 U.S.C. §1331.  This Court also has jurisdiction in this matter over Plaintiff's state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs, and Defendant is not a citizen of the state of Nebraska as defined by 28 U.S.C. § 1332(c). Defendant is a Delaware Corporation whose principal place of business is located at 3435 Edward Babe Gomez Avenue, Omaha, Nebraska 68107.

5.      Venue is proper in their District pursuant to 28 U.S.C. 1391 (a) and because a substantial amount of the events or omissions giving rise to these claims occurred within this judicial district and because defendant resides within this judicial district and thus, is subject to personal jurisdiction within this judicial district.

### III.    **PARTIES**

6.    Plaintiff, David Chuol, is a resident of Omaha, Douglas County, Nebraska.

7.    Defendant, a Delaware corporation, operates a beef processing facility located in Omaha, Nebraska. Defendant regularly sells beef products within the District of Nebraska. Defendant is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States.

### IV.    **CLASS ACTION ALLEGATIONS**

8.    Plaintiff brings this class action for all state law claims on behalf of himself and all other similarly situated current and former production and support employees of Defendant's beef slaughter and processing facility located in Omaha, Nebraska ("class members"). Moreover, the named Plaintiff asserts individual Federal claims under the Fair Labor Standards Act.

9.    Plaintiff believes that there are at least 500 present and former production and support employees in the class during the relevant class period of October 2002 to the present.

10.    Given the Defendant's size and the systematic nature of Defendant's failure to comply with Nebraska statutory law and common law, the members of the class are so numerous that joinder of all members is impractical.

11.    The named Plaintiff's claim is typical of the claims of the class members because

3

he is or was an hourly production worker who, like the class members, sustained damages arising out of Defendant's unlawful compensation system as described in more detail herein.

12.     Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex action and wage and hour litigation.

13.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual class members.  Among the questions of law and fact common to Plaintiff and the Class are:

        a.      Whether the worked performed by Plaintiff and the class is included in the type of work Defendant employed Plaintiffs and the class to perform;

        b.      Whether the work performed by Plaintiff and the class is compensable under Nebraska law;

        c.      Whether the Defendant has engaged in a pattern and/or practice in Nebraska of forcing coercing and/or permitting Plaintiff and the class to perform work for Defendant's benefit which was not compensated;

        d.      Whether Defendant failed to permit meal and rest periods as required by Nebraska law, other applicable regulations, and/or Defendant's stated policies;

4

e.     Whether Defendant has failed to properly compensate Plaintiff and the class in connection with interruptions to their meal or rest periods;

f.     Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the Nebraska Wage and Hour Act.  R.R.S. Neb. §§ 48-1201-1209.

g.     Whether Defendant failed to pay plaintiff and the class for all of the work Defendant required them to perform;

h.     Whether Defendant violated the Nebraska Wage and Hour Act R.R.S. Neb §§ 48-1201-1209.

i.     Whether the Defendant violated the Nebraska Wage Payment and Collection Act, R.R.S. Neb. §§48-1228-1232; and

j.     The nature and extent of the class–wide injury and the measure of damages for the injury.

14.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in management of this class action that would preclude its maintenance as a class action, and

no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant's own employment records.

15.     Prosecution of separate class actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Class that would establish incompatible standards of conduct for Defendant.

16.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all class members is impractical. Furthermore, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendant.

17.     Without a class action, Defendant will likely retain the benefit of its wrong doing and will continue a course of action which will result in further damages to Plaintiff and the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

## V.    PELIMINARY ALLEGATIONS

18.     Defendant owns and operated a beef processing facility located in Omaha, Nebraska.   The complained of unlawful compensation system at issue in this complaint has affected, and continues to adversely affect, Defendant's present and former production and support employees at this location.

19.     Under Defendant's wage compensation system, Defendant paid/pays Plaintiff and class members only during the time that the processing line is

running under a system known as "gang time."

20.     Defendant, as a matter of policy and practice, does not pay its employees for all required pre production and post production work activities that are necessary and integral to their overall employment responsibilities. These pre production and post production work activities are all integral and indispensable to the performance of the jobs of the Plaintiff and the Class.

21.     Pursuant to federal regulations and Defendant's own internal policies and procedures, Plaintiff and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Defendant's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect Defendant's beef product from contamination by food borne diseases.

22.     Plaintiff was paid an hourly wage and was not exempt from the wage and hour requirements set forth in the FLSA.

23.     Plaintiff was required to don and doff various clothing, gear and protective equipment, sanitize persons and equipment, sharpen knives, and wait in lines after the continuous work day's first principal activity (i.e., donning personal protective equipment (hereinafter "PPE")), all of which was an integral and indispensable part of the principal activities for which she was employed.

24.     At the beginning of the work day, before and after paid and unpaid breaks, and at the conclusion of the work day, Plaintiff was required to sanitize his person, and various pieces of protective equipment and gear.

25.     Plaintiff was not paid for all of his pre-production line, pre break, post break and post production line work, including *inter alia,* time spent waiting to pick up his clothing/gear/equipment,   donning   their   clothing/gear/equipment,   sanitizing   his hands/gear/equipment, traveling to their work station, waiting at their work stations for production to begin.

## COLLECTIVE CLASS ACTION ALLEGATIONS

26.     Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following opt in litigants:

>    All individuals employed by Defendant in Nebraska since August 10, 2004

27.     Plaintiff and the above class members are "similarly situated" as that term is defined in 29 U.S.C. § 216(b), because, *inter cilia,* all class members worked pursuant to Defendant's common business practices and, as a result of such practices, were not compensated for all work performed during the workday and, with respect to such work, were not paid the legally mandated overtime premium.

28.     Class certification is appropriate under FRCP 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of other class members.

29.     Class certification is appropriate under FRCP 23(b)(2) because Defendant acted or

refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the class as a whole. Class members are entitled to injunctive relief to end Defendant's common business practices of *inter alia,* failing to compensate class members for all hours worked and with respect to such hours, failing to pay class members the legally mandated overtime premium.

30.     Class certification is appropriate under FRCP 23(b)(2) because 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of their litigation. The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of their litigation. In addition, class certification is superior because, *inter alia,* it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendant's business practices.

31.     Plaintiff knows of no difficulty that will be encountered in the management of their litigation and preclude its maintenance as a class action.

32.     Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex class action wage and hour litigation.

33.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiff and the Class arc:

      a.      Whether the work performed by Plaintiff and the Class is included in the type of work Defendant employed Plaintiff and the Class to perform;

      b.      Whether the work performed by Plaintiff and the Class is compensable

under Federal law;

c.     Whether Defendant has engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiff and the Class to perform work for Defendant's benefit which was not compensated;

d.     Whether Defendant has engaged in a pattern and/or practice of disciplining or retaliating against Plaintiff and the Class for not performing certain work without being compensated;

e.     Whether Defendant has failed to permit meal and rest periods as required by Nebraska law, other applicable regulations, and/or Defendant's stated policies;

f.     Whether Defendant has failed to properly compensate Plaintiff and the Class in connection with interruptions to their meal or rest periods;

g.     Whether Defendant failed to pay Plaintiff and the Class for all of the work Defendant required them to perform;

h.     The nature and extent of class-wide injury and the measure of damages for the injury.

## COUNT I

### VIOLATION OF THE NEBRASKA WAGE & HOUR ACT

### R.R.S. Neb. §§48-1201-1209

34.     All previous paragraphs are incorporated as though fully set forth hereunder.

35.     Upon information and belief, this statute has a three year statute of limitations.

36.     Defendant is required to compensate its employees per the very specific terms of the Nebraska Wage & Hour Act R.R.S. Neb. §§48-1201-1209, which mandates that employees pay all employees a wage no less than the minimum wage.

37.     Defendant, as a matter of policy, fails to pay its employees for all hours worked, in direct violation of the Nebraska Wage & Hour Law.

38.     As a result of Defendant's illegal pay policies, Plaintiff and other hourly employees, employed at Defendant's Omaha, Nebraska processing facility have not been paid for all hours worked, and have suffered economic damages in an amount to be determined at trial, together with statutory interest, costs, and attorney's fees.

39.     As a result of Defendant's illegal pay practices, Plaintiff and other employees have been denied over time compensation, which they otherwise would have earned had they been paid for all hours worked.

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated individuals, pray for judgment against the Defendant as follows:

1.      That their action may proceed as a class action pursuant to FRCP 23;

2.      That this Court order an accounting of lost wages; and

3.      That this Court award lost wages, lost over time wages, statutory penalties, interests, costs, and attorneys' fees.

### COUNT II

11

## VIOLATION OF THE NEBRASKA WAGE PAYMENT COLLECTION ACT
### R.R.S. Neb. §§48-1228-1232

40.     All previous paragraphs are incorporated as though fully set forth hereunder.

41.     Defendant has failed to pay its employees for all time worked in direct contravention of the Nebraska Wage Payment Collection Act.

423.    Specifically, Defendant fails to pay its hourly employees for all pre and post processing line work activities including, but not limited to, donning clothing and protective equipment (hereinafter "PPE"), time spent waiting in line to receive PPE, time spent walking to work stations, time spent doffing during the 30 minute lunch break, time spent donning during the 30 minute lunch break, time spent sanitizing during the unpaid 30 minute break time spent doffing at the end of the shift, time spent waiting to sanitize  at the end of the shift, time spent sanitizing at the end of the shift, time spent returning to locker rooms after sanitizing, time spent changing out of PPE into street clothes, time spent waiting in line for security checks.

43.     Defendant's failure to pay the Plaintiff for all pre-processing line and post-processing line work activities is in violation of the Nebraska Wage Payment Collection Act.

44.     As a result of Defendant's systematic violation of the Nebraska Wage Payment Collection Act, Plaintiff and all other similarly individuals have not received all wages to which they are entitled to under Nebraska law.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated individuals, pray for judgment against the Defendant as follows:

1.    That their action may proceed as a class action pursuant to FRCP 23;

2.    That this Court order an accounting of lost wages; and

3.    That this Court award lost wages, lost over time wages, statutory penalties, interests, costs, and attorneys' fees.

## COUNT III

### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

### 29 U.S.C. §201, *et seq.*

45.    The FLSA requires that covered employees received overtime compensation not less than one half times the employees' regular rate of pay for all hours worked over 40 hours in a work week. *See*, 29 U.S.C. §207(a)(1).

46.    Plaintiff and the class are covered employees entitled to the FLSA's protections.

47.    Plaintiff and the class are not exempt from receiving FLSA overtime benefits because *inter alia* they are not executive, administrative, or profecssional employees as those terms are defined under the FLSA. *See*, 29 C.F.R. §541.0, *et seq.*

48.    Defendant is a covered employer required to comply with the FLSA's mandates.

49.    Defendant has violated the FLSA with respect to the Plaintiff and the class by, *inter alia,* Failing to compensate Plaintiff and the class for all hours worked and, with respect to such hours, failing to pay Plaintiff the class the legally mandated overtime premium for such work.

50.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated,

prays for judgment against the Defendant as follows:

1.  That his action may proceed as a class action pursuant to 29 U.S.C. §216(b), and as a class action pursuant to FRCP 23;

2.  Prompt notice, pursuant to 29 U.S.C. §216(b) of their litigation to all potential class members;

3.  Compensatory and back pay damages to the fullest extent permitted under Federal law;

4.  Liquidated damages to the fullest extent permitted under Federal law; and

5.  Litigation costs, expenses and attorney's fees to the fullest extent permitted under Federal law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

Respectfully submitted,

s/Christopher P. Welsh
Christopher P. Welsh, #22279
WELSH & WELSH, P.C., L.L.O.
2027 Dodge Street, Suite 400
Omaha, Nebraska 68102
(402) 384-8160
(402) 384-8211 (fax)
cwelsh@welsh-law.com
Attorney for Plaintif