# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV90 |
| | ) | |
| and | ) | |
| | ) | |
| DAVID CHUOL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV99 |
| | ) | |
| vs. | ) | |
| | ) | |
| NEBRASKA BEEF, LTD. and | ) | REPORT AND |
| NEBRASKA BEEF, INC., | ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' motions for conditional class certification pursuant to 28 U.S.C. § 216(b). **See** Filing No. 8 in case number 8:08CV90; Filing No. 32 in case number 8:08CV99. Prior to the consolidation of these cases, the plaintiffs had each filed a brief in support of their motions. **See** Filing No. 9 in case number 8:08CV90; Filing No. 33 in case number 8:08CV99. The plaintiffs filed an index of evidence (Filing Nos. 34 and 35 in case number 8:08CV99) in support of the motions, including a proposed notice and consent form. Subsequent to consolidation, the defendants filed a brief (Filing No. 28)[1] in opposition to the motions. The defendants attached an index of evidence (Filing No. 28-2) to the their brief. The plaintiffs filed a reply brief (Filing No. 31) in support of the motions.

## INTRODUCTION

The plaintiffs in the above-captioned consolidated cases are the defendants' current and former employees. The cases were filed as class actions alleging violations of the Fair

---

[1] Unless a notation is made to the contrary, all filing numbers refer to filings contained in case number 8:08CV90.

Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-shift activities, or "donning and doffing," and other activities. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including for alleged failures to pay minimum wage and overtime compensation. The two complaints were filed days apart, on March 3, 2008, and March 5, 2008, respectively. **See** Filing No. 1[2] in case number 8:08CV90; Filing No. 1 in case number 8:08CV99. In both cases, the motions related to conditional class certification were filed shortly after the complaints were filed. On June 12, 2008, the cases were consolidated for all purposes. **See** Filing No. 20. On June 22, 2008, the court appointed lead counsel for the plaintiffs. **See** Filing No. 22. Thereafter, briefing on the instant motions was completed.

## FACTUAL BACKGROUND

The following facts are alleged in the plaintiffs' complaint. The defendants own and operate a meat processing facility in Omaha, Nebraska. **See** Filing No. 11 - Amended Complaint ¶ 30. The defendants rely on a compensation system known as "gang time" or "line time" which pays production employees only during the time period they are present on the actual production assembly line. *Id.* ¶ 30. Based on the gang time pay system, the defendants do not pay their employees for all required pre-production line and post-production line activities and periods of required presence. *Id.* Specifically, the plaintiffs allege they are not compensated for the following activities, which are integral to their overall employment responsibilities:

> donning and doffing clothing and protective equipment, cleaning and sanitizing that equipment, sharpening knives, walking to their lockers and/or production line after already performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives,

---

[2]On May 28, 2008, the plaintiff's filed an amended complaint. **See** Filing No. 11.

> supplies, tools and equipment needed for production line activities.

*Id.*

Additionally, the defendants' employees are required to wear uniforms and special personal protective equipment (PPE) for protection and sanitary reasons. *Id.* ¶ 31. The required uniforms include shirts, pants and boots. *Id.* The PPE may vary depending on job duties, but includes plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other similar items. *Id.* The defendants do not compensate the employees for the time spent removing, replacing or cleaning their PPE at the beginning or end of paid and/or unpaid meal or break periods. *Id.* ¶ 35.

The defendants admit some of their employees are required to wear varying types of PPE to perform the functions of their job. **See** Filing No. 14 - Answer ¶ 31. However, the defendants explain that the type and extent of equipment varies significantly among employees based on their job classification. *Id.* The defendants specifically describe eight different categories of jobs, listing the types of uniforms or PPE used by the employees in each category. **See** Filing No. 28 - Brief p. 1-2. Each category has PPE requirements except for the last, which includes employees working as a janitor, security guard or shag driver. *Id.*

## ANALYSIS

The plaintiffs seek to conditionally certify their FLSA claim, pursuant to 29 U.S.C. § 216(b), to facilitate notification to all potential interested members of the pendency of the action and their ability to join as parties. Pursuant to the FLSA a collective action may be maintained "by any . . . employee [ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay overtime. 29 U.S.C. § 216(b); 29 U.S.C. § 207. An FLSA "collective action" is different from a Rule 23 class action. "In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class. By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action." ***Parker v. Rowland***

***Express, Inc.*, 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007)** (emphasis in original). The district court, in its discretion, may authorize the named plaintiffs to transmit notice of the lawsuit to other potential claimants upon a showing the named plaintiffs are similarly situated to the others whom they seek to represent. ***Id.*** "[C]ourts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are 'similarly situated' to other potential plaintiffs."

> Succinctly put,
>
>> At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms. At the second stage, which almost always follows substantial discovery, plaintiffs must make a stronger showing to continue to proceed on a collective basis. If plaintiffs cannot make this stronger showing at the second stage, the conditionally certified class is decertified. Typically the second stage is triggered when the defendant moves to decertify the conditionally certified class.

***Parler v. KFC Corp.*, 529 F. Supp. 2d 1009, 1011 (D. Minn. 2008)** (internal citation omitted).

Furthermore, the first stage or "notice stage" may be based only on the pleadings and any affidavits in the record. ***Parker*, 492 F. Supp. 2d at 1164**. At this stage, "[t]he court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage." ***Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007)** (citation omitted). The plaintiffs have the burden of presenting evidence "establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." ***Id.*** "A colorable basis means that plaintiff must come forward with something more than the mere averments in its complaint in support of its claim." ***Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-79 (D. Minn. 1992)** (language from Mag. J. order contained in District Court opinion affirming). Ultimately, there must be meaningful identifiable facts or legal nexus binding the claims "so that hearing the cases together furthers the purposes of section § 216, is fair to both parties, and does not result in an unmanageable trial." ***Falcon v. Starbucks Corp.*, No. H-05-0792, 2008 WL 155313, at * 5 (S.D. Tex. Jan. 15, 2008)** (Slip Copy); **see *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507-08 (M.D.

4

La. 2005). "Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted). After conditional certification, discovery could continue as a collective action. *Parker*, 492 F. Supp. 2d at 1164.

In contrast, a second stage or final determination is usually made "after discovery is largely complete and the matter is ready for trial" when the court is able to make "a factual determination on the similarly situated question." *Id.* (citation omitted). "During this second stage analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (internal quotations and citation omitted).

There is no dispute the conditional certification process is at the "notice stage" and based on a more lenient standard here. The plaintiffs' propose a collective action consisting of:

> All current and former non-exempt, hourly production and support employees who have been employed at any time by Nebraska Beef, Ltd. and/or Nebraska Beef, Inc. at the Omaha, Nebraska processing facility during the time period March 4, 2005 to the present.

**See** Filing No. 8 in case number 8:08CV90; Filing No. 32 in case number 8:08CV99 - Motions p. 1. The plaintiffs note the class may be further narrowed by including only those employees who use PPE. **See** Filing No. 31 - Reply p. 4 n.1. The plaintiffs seek to facilitate class notice by having this court

(1) require the defendants to produce, in an electronic format, each class member's name and address within fourteen days of entry of an order on this matter;
(2) approve the proposed Notice form;
(3) permit the plaintiffs to send the Notice form to each potential class member; and

5

   (4) order the defendants to circulate the Notice form to each potential class member who cannot be reached by mail.

**See** Filing No. 8 in case number 8:08CV90; Filing No. 32 in case number 8:08CV99 - Motions p. 1-2.

  The plaintiffs contend the named plaintiffs are similarly situated to all potential class members because they are all subject to the defendants' common policy of requiring employees to perform work without compensation. **See** Filing No. 31 - Reply Brief p. 1-2. Specifically, the subject employees are required to engage in, at least some of, the following uncompensated activity: don their PPE, walk to various parts of the plant to obtain their PPE, wait in lines to obtain their PPE, sharpen their knives, sanitize their PPE, walk to various parts of the plant to return their PPE, and doff their PPE. *Id.* The plaintiffs argue that although the defendants dispute whether the practice is a violation of the FLSA, the system is uniform among production workers at the facility. *Id.* at p. 2, 7-8. The plaintiffs also contend that although the damages may be different between plaintiffs or difficult to calculate, such issue is not dispositive of the conditional certification decision. *Id.* at p. 4-7.

  The defendants argue there is evidence that not all hourly employees are required to wear PPE, or non-unique protective gear. Further, the defendants state that not all opt-in plaintiffs are required to wear PPE. **See** Filing No. 28 - Brief p. 4. The defendants contend time spent donning or doffing non-unique gear in not compensable under the FLSA. Alternatively, the defendants state future discovery will show hourly employees are compensated for the time spent donning and doffing PPE. *Id.* at p. 4 n.1. The defendants contend that the plaintiffs' inclusion of opt-in plaintiffs who, by the plaintiffs' own theory, are not entitled to additional compensation shows the plaintiffs are not similarly situated for certification. *Id.* at p. 5. Further, the defendants argue an unfair and undue burden would be placed on them to be required to identify and give notice to all hourly production and support employees. Thus, the defendants dispute conditional class certification is appropriate. However, the defendants suggest that if certification is allowed, the class be limited to employees required to wear specialized PPE (described in the defendants' categories 1-3).

Without making any credibility determinations, the court finds the plaintiffs have met their burden of presenting evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan. Here, based on the defendants' admissions, the pleadings and the evidence before the court, there is little doubt a common policy or practice exists with regard to pay. The gang time system facilitates the practice. The policy or practice in issue may require the employees to perform uncompensated activities related to donning and doffing PPE. There are meaningful identifiable facts and a legal nexus binding the claims of the proposed collective action members. There are several plaintiffs already willing to proceed against the defendants and additional collective action members seek to join the matter. The differences among employees (i.e., types of equipment, amount of time spent) do not diminish this predominant relevant similarity. Likewise, the defenses noted by the defendants would apply to many of the plaintiffs if they are later categorized as the defendants suggest. However, whether certain activities are compensable will not be determined at this stage of the litigation. At this time, it appears that hearing the cases together furthers the purposes of section § 216, is fair to the parties, and will not result in an unmanageable trial. Under the circumstances presented, the plaintiffs are adequate representatives of the defendants' past and current employees who engage in allegedly compensable, but uncompensated work activity. Thus conditional class certification is warranted with regard to those employees who use PPE.

For these reasons, the court recommends granting the plaintiffs' leave, as requested, to proceed with class notice. The defendants have not objected to the proposed notice filed by the plaintiffs or any of the other specific relief requested. However, the proposed form was filed prior to consolidation. Accordingly, the plaintiffs' motions should be granted, but additional time should be allowed for the parties to propose a joint notice form. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

1. The plaintiffs' Motion for Conditional Class Certification of a Collective Action Pursuant to the Fair Labor Standards Act (Filing No. 8 in case number 8:08CV90) and the plaintiffs' Motion for Notice to Putative Class Members Pursuant to 28 U.S.C. § 216(b) (Filing No. 32 in case number 8:08CV99) be granted to include:

> All current and former non-exempt, hourly production and support employees who have been employed at any time by Nebraska Beef, Ltd. and/or Nebraska Beef, Inc. at the Omaha, Nebraska processing facility during the time period March 4, 2005 to the present, and who use personal protective equipment.

2. The defendants be required to produce, in an electronic format, each class member's name and address within fourteen days of entry of an order on this matter.

3. The parties have within fourteen days of entry of an order on this matter to confer regarding a proposed Notice form, and seek court approval therefore.

4. The plaintiffs be permitted to send the approved Notice form to each potential class member and the defendants be required to circulate it to each potential class member who cannot be reached by mail.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 20th day of October, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
United States District Judge