THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, et al., | ) | CASE NO. 8:08-CV00090 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEBRASKA BEEF, INC. and, | ) | |
| NEBRASKA BEEF, LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DAVID CHUOL, et al., | ) | CASE NO. 8:08-CV00099 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEBRASKA BEEF, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT

COME NOW the defendants, NEBRASKA BEEF, INC. and NEBRASKA BEEF, LTD., and for their answer to plaintiffs' consolidated class and collective action complaint, state and allege as follows:

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of plaintiffs' consolidated class and collective action complaint.  Paragraph 1 is therefore denied.

2.      Defendants deny paragraph 2 of plaintiffs' consolidated class and collective action complaint.

3.      Defendants deny paragraph 3 of plaintiffs' consolidated class and collective action complaint.

4.    Defendants deny paragraph 4 of plaintiffs' consolidated class and collective action complaint.

5.    Defendants admit that this Court has jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 because they raise a question of federal law.  Defendants deny that this Court has supplemental jurisdiction over plaintiffs' Nebraska state law claims pursuant to 28 U.S.C. § 1367, as these claims are misjoined and are preempted by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

6.    Defendants admit that venue is proper in this Court.

7.    Defendants deny paragraph 7 of plaintiffs' consolidated class and collective action complaint.

8.    Defendants admit paragraph 8 of plaintiffs' consolidated class and collective action complaint.

9.    Defendants admit paragraph 9 of plaintiffs' consolidated class and collective action complaint.

10.   Defendants deny paragraph 10 of plaintiffs' consolidated class and collective action complaint.

11.   Defendants deny paragraph 11 of plaintiffs' consolidated class and collective action complaint.

12.   Defendants deny paragraph 12 of plaintiffs' consolidated class and collective action complaint.

13.   Defendants deny paragraph 13 of plaintiffs' consolidated class and collective action complaint.

14.   Defendants admit that plaintiffs bring their first and second causes of action pursuant to the Fair Labor Standards Act as a collective action under 29 U.S.C. § 216(b).

2

Defendants deny that class certification is appropriate, and therefore deny the remaining allegations of paragraph 14 of plaintiffs' consolidated class and collective action complaint.

15.      Defendants deny paragraph 15 of plaintiffs' consolidated class and collective action complaint.

16.      Defendants admit that plaintiffs have alleged that their third, fourth, fifth and sixth causes of action are based on Nebraska law and are being brought as a class action pursuant to Fed. R. Civ. P. 23.  Defendants deny that class certification is appropriate.

17.      Defendants deny paragraph 17 of plaintiffs' consolidated class and collective action complaint, including all subparts.

18.      Defendants deny paragraph 18 of plaintiffs' consolidated class and collective action complaint.

19.      Defendants deny paragraph 19 of plaintiffs' consolidated class and collective action complaint.

20.      Defendants deny paragraph 20 of plaintiffs' consolidated class and collective action complaint.

21.      Defendants deny paragraph 21 of plaintiffs' consolidated class and collective action complaint.

22.      Defendants deny paragraph 22 of plaintiffs' consolidated class and collective action complaint.

23.      Defendants deny paragraph 23 of plaintiffs' consolidated class and collective action complaint.

24.      Defendants deny paragraph 24 of plaintiffs' consolidated class and collective action complaint.

25.     Defendants deny paragraph 25 of plaintiffs' consolidated class and collective action complaint.

26.     For their answer to paragraph 26 of plaintiffs' consolidated class and collective action complaint, defendants reallege and incorporate by reference paragraphs 1 through 25, set forth above.

27.     Defendants deny paragraph 27 of plaintiffs' consolidated class and collective action complaint.

28.     Defendants deny paragraph 28 of plaintiffs' consolidated class and collective action complaint.

29.     Defendants deny paragraph 29 of plaintiffs' consolidated class and collective action complaint.

30.     For their answer to paragraph 30 to plaintiffs' consolidated class and collective action complaint, defendants reallege and incorporate by reference paragraphs 1 through 29, set forth above.

31.     Defendants deny paragraph 31 of plaintiffs' consolidated class and collective action complaint.

32.     Defendants deny paragraph 32 of plaintiffs' consolidated class and collective action complaint.

33.     Defendants deny paragraph 33 of plaintiffs' consolidated class and collective action complaint.

34.     For their answer to paragraph 34 of plaintiffs' consolidated class and collective action complaint, defendants reallege and incorporate by reference paragraphs 1 through 33, set forth above.

35.     Defendants deny paragraph 35 of plaintiffs' consolidated class and collective action complaint.

36.     Defendants deny paragraph 36 of plaintiffs' consolidated class and collective action complaint.

37.     For their answer to paragraph 37 of plaintiffs' consolidated class and collective action complaint, defendants reallege and incorporate by reference paragraphs 1 through 36, set forth above.

38.     Defendants deny paragraph 38 of plaintiffs' consolidated class and collective action complaint.

39.     Defendants deny paragraph 39 of plaintiffs' consolidated class and collective action complaint.

40.     Defendants deny paragraph 40 of plaintiffs' consolidated class and collective action complaint.

41.     For their answer to paragraph 41 of plaintiffs' consolidated class and collective action complaint, defendants reallege and incorporate by reference paragraphs 1 through 40, set forth above.

42.     Defendants deny paragraph 42 of plaintiffs' consolidated class and collective action complaint.

43.     Defendants deny paragraph 43 of plaintiffs' consolidated class and collective action complaint.

44.     Defendants deny paragraph 44 of plaintiffs' consolidated class and collective action complaint.

45.     Defendants deny paragraph 45 of plaintiffs' consolidated class and collective action complaint.

46.    Defendants deny paragraph 46 of plaintiffs' consolidated class and collective action complaint.

47.    Defendants deny paragraph 47 of plaintiffs' consolidated class and collective action complaint.

48.    Defendants deny paragraph 48 of plaintiffs' consolidated class and collective action complaint.

49.    Defendants deny paragraph 49 of plaintiffs' consolidated class and collective action complaint.

50.    Defendants deny paragraph 50 of plaintiffs' consolidated class and collective action complaint.

51.    Defendants deny paragraph 51 of plaintiffs' consolidated class and collective action complaint.

52.    Defendants deny paragraph 52 of plaintiffs' consolidated class and collective action complaint.

53.    Defendants deny paragraph 53 of plaintiffs' consolidated class and collective action complaint.

54.    Defendants admit that the time worked by their hourly employees is recorded manually.  The remaining allegations of paragraph 54 of plaintiffs' consolidated class and collective action complaint are denied.

55.    Defendants admit that their hourly production employees are paid an additional five minutes for equipment clothes change.  The remaining allegations of paragraph 55 of plaintiffs' consolidated class and collective action complaint are denied.

56.    Defendants admit that their hourly employees are provided a 30-minute unpaid meal break. The remaining allegations of paragraphs 56 of plaintiffs' consolidated class and collective action complaint are denied.

57.    Defendants deny paragraph 57 of plaintiffs' consolidated class and collective action complaint.

58.    Defendants deny paragraph 58 of plaintiffs' consolidated class and collective action complaint.

59.    Defendants deny paragraph 59 of plaintiffs' consolidated class and collective action complaint.

60.    For defendants' answer to paragraph 60 of plaintiffs' consolidated class and collective action complaint, defendants reallege and incorporate by reference paragraphs 1 through 59, as set forth above.

61.    Defendants deny paragraph 61 of plaintiffs' consolidated class and collective action complaint.

62.    Defendants deny paragraph 62 of plaintiffs' consolidated class and collective action complaint.

63.    Defendants deny paragraph 63 of plaintiffs' consolidated class and collective action complaint.

64.    Defendants deny paragraph 64 of plaintiffs' consolidated class and collective action complaint.

65.    Defendants deny paragraph 65 of plaintiffs' consolidated class and collective action complaint.

66.    Defendants deny paragraph 66 of plaintiffs' consolidated class and collective action complaint.

67.    Defendants deny paragraph 67 of plaintiffs' consolidated class and collective action complaint.

68.    Defendants deny paragraph 68 of plaintiffs' consolidated class and collective action complaint.

69.    Defendants deny paragraph 69 of plaintiffs' consolidated class and collective action complaint.  For further answer to paragraph 69 of plaintiffs' consolidated class and collective action complaint, defendants affirmatively allege that punitive damages are prohibited by Neb. Const. art. VII, § 5.

70.    Defendants deny paragraph 70 of plaintiffs' consolidated class and collective action complaint.

### AFFIRMATIVE DEFENSES

71.    Defendants affirmatively allege that the act or omission complained of by the plaintiffs was made in good faith in conformity with and reliance on written administrative regulations, orders, rulings, approvals, or interpretations of the Department of Labor and Nebraska Wage and Hour.

72.    Defendants affirmatively allege that plaintiffs' state law causes of action are preempted by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

73.    Defendants affirmatively allege that plaintiffs' state law causes of action fail to state a claim upon which relief may be granted.

74.    Defendants affirmatively allege that plaintiffs have misjoined parties and causes of action.

75.    Defendants affirmatively allege that plaintiffs' causes of action, and those of the purported class, are barred by the statute of limitations.

76.    Defendants request trial by jury.

WHEREFORE, have fully answered plaintiffs' consolidated class and collective action complaint, defendants pray that said complaint be dismissed with prejudice to any future action and at plaintiffs' cost.

> NEBRASKA BEEF, INC., and NEBRASKA BEEF, LTD., Defendants,
>
> By:___ /s/ William R. Settles _____
> William M. Lamson, Jr., #12374
> William R. Settles, #19879
> Brian J. Brislen, #22226
> LAMSON, DUGAN and MURRAY, LLP
> 10306 Regency Parkway Drive
> Omaha, NE 68114-3743
> Telephone: (402) 397-7300
> Telefax: (402) 397-7824
> wml@ldmlaw.com
> wrs@ldmlaw.com
> bjb@ldmlaw.com
> *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on the __28th__ day of July 2009, I electronically filed the foregoing answer to plaintiffs' consolidated class and collective action complaint with the clerk of the court using the CM/ECF system which sent notification of such filing to the following:

Russell D. Henkin
Jonathan D. Berger
Shanon J. Carson
James A. Wells
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
-and-
Todd Schneider
SCHNEIDER WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
-and-
Philip A. Downey
1555 Embreeville Road
P.O. Box 736
Unionville, PA 19375
-and-

Christopher P. Welsh
WELSH & WELSH, P.C., L.L.O.
9290 West Dodge Road, Suite 100 The Mark
Omaha, NE 68102
*ATTORNEYS FOR PLAINTIFFS*

/s/ William R. Settles

459712