THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, et al., | ) | CASE NO. 8:08-CV00090 |
| Plaintiffs, | ) | |
| vs. | ) | |
| NEBRASKA BEEF, INC. and, NEBRASKA BEEF, LTD., | ) | |
| Defendants. | ) | |
| DAVID CHUOL, et al., | ) | CASE NO. 8:08-CV00099 |
| Plaintiffs, | ) | |
| vs. | ) | |
| NEBRASKA BEEF, LTD., | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION IN LIMINE**

**OF NEBRASKA BEEF, LTD., AND NEBRASKA BEEF, INC.**

## INTRODUCTION

Nebraska Beef submits this brief to support its motion in limine seeking to preclude certain matters from being discussed or offered at trial. Pursuant to the Federal Rules of Evidence, upon the filing of a Motion in Limine, this Court has the authority to make preliminary determinations as to the admissibility of evidence prior to the commencement of trial. *See* Fed. R. Evid. 103(c) and 104(c). The numbered headings in the Argument section of this brief correspond to the numbered headings in Nebraska Beef's Motion in Limine which has been filed contemporaneously with this brief.

## GENERAL LEGAL STANDARDS

**A.     Evidence Must be Relevant to be Admissible.**

Fed. R. Evid. 401 and 402 limit admissible evidence to information that is "relevant." For evidentiary purposes, evidence is relevant if it "has any tendency to make the existence of a consequential fact more or less probable than it would be without the evidence." *Greenwood Ranchers v. Skie Construction Co.*, 629 F.2d 518, 523 (8th Cir. 1980), *citing* Fed. R. Civ. Evid. 401 and 402; *see also, Mathes v. City of Omaha*, 254 Neb. 269, 270, 576 N.W.2d 181, 183 (1998). As a result, any evidence that does not have any tendency to make the existence of a consequential fact more or less probable should not be admitted.

**B.     Relevant Evidence Must be Excluded if its Probative Value is Outweighed by the Danger of Unfair Prejudice.**

Under Rule 403, even if the evidence is deemed relevant, it is still inadmissible when, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the Court, by consideration of undue delay, [and] waste of time." *See* Fed. R. Evid. 403. *See also, Greenwood Ranches*, 629 F.2d at 523, citing Fed. R. Evid. 403; *see also, Wagner v. Union Pacific Railroad Co.*, 11 Neb. App. 1, 28, 642 N.W.2d 821, 845 (2002). Even if this Court finds that Plaintiffs' anticipated evidence discussed in this Motion is relevant under the Federal Rules of Evidence, which Nebraska Beef disputes, Nebraska Beef contends the evidence must nonetheless be excluded because whatever the minimal probative value it is substantially outweighed by the risk of unfair prejudice to Nebraska Beef. *See* Fed. R. Evid. 403.

## ARGUMENT

**1.     Testimony or reference to an INS investigation around the year 2000 and mention of "employee immigration status," "immigration investigations" or other similar characterizations are irrelevant, highly prejudicial, and constitutes impermissible character evidence.**

It is anticipated Plaintiffs may attempt to make reference to events surrounding an investigation of Nebraska Beef by the former Immigration and Naturalization Service relating to employment of undocumented immigrants, including the fact that some of Nebraska Beef's upper management faced criminal charges, despite the fact that *all* charges were dismissed. This topic has no place in this litigation and would be offered for no other reason than to paint Nebraska Beef and its management employees in a bad light. It would serve only two purposes: (1) to emotionally inflame the jury and (2) to show alleged bad character and infer Nebraska Beef acts and has acted in accordance with such character. Fed.R.Evid. 404(a) and (b).

Although testimony regarding an INS investigation is wholly irrelevant, even if we were to assume, *arguendo*, it had some relevance, it should still be excluded given the high potential for prejudicial and inflammatory effects. *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1319 (5th Cir. 1985) ("Determinations of whether to exclude even relevant evidence because of its potential for prejudicial or inflammatory effects upon the jury are made by balancing inflammatory potential against the likely probative value of the evidence."); *see also* Fed.R.Evid. 403. The danger of unfair prejudice is so high (particularly given that the allegations against Nebraska Beef and its management employees were dismissed) that plaintiffs cannot meet any burden as to relevance.

Additionally, this evidence must be excluded as inadmissible character evidence. Character evidence is generally inadmissible because a jury would be tempted to base its decision on that evidence rather than the facts of the specific case before it. *See Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329 (9th Cir. 1985); *see also Jones v. Southern P. R.R. Co.*, 962 F.2d 447(5th Cir. 1992) (citing *Reyes v. Missouri P. R.R. Co.*, 589 F.2d 791, 793 & n.6) ("The reason for the rule is that such character evidence is of slight probative value and tends to distract the trier of fact from the main question of what actually happened on a particular occasion."). In the instant case, there is a great deal of risk that the jury would latch on to this attention-grabbing issue and base its decision on this, rather than the facts presented.

**2.   Testimony or reference to any other lawsuit in any jurisdiction is irrelevant and prejudicial.**

Nebraska Beef, as is the case with many companies, has been involved in various types of litigation; both as a plaintiff and a defendant. However, raising issues regarding Nebraska Beef's involvement in any such litigation is irrelevant and would unfairly prejudice Nebraska Beef in this case. *See, e.g., Harris v. Pacific Floor Machine Mfg. Co.*, 856 F.2d 64, 67 n.2 (8th Cir. 1988). While courts have held that reference to other lawsuits may be admissible, in some circumstances, those other lawsuits must have some bearing on the issues presented in the case at hand. Plaintiffs can make no such showing here and therefore such evidence much be excluded.

**3.   Testimony or reference to Nebraska Beef product recalls is irrelevant and highly prejudicial.**

Similar to the evidence regarding the INS investigation, discussed in Section 1, *supra*, and other litigation discussed in Section 2, *supra*, evidence regarding a recall of product initiated by Nebraska Beef in the summer of 2008 is likewise irrelevant, unfairly prejudicial and also

4

prohibited character evidence. Whether Nebraska Beef's decision to recall certain product hinged on a number of factors (and has spawned other litigation referred to in Section 2). There certainly can be no credible claim that product recall had any relation to donning and doffing activities of employees. Even if Plaintiffs could fashion some colorable argument of relevance the probative value would be substantially outweighed by the risk of unfair prejudice because such evidence would only be offered to infer that Nebraska Beef's policies and practices, set by its management, are inferior or deficient in an attempt to inflame the jury and infer bad character of the company and its management.

## 4. Permitting Plaintiffs to call more than 20 fact witnesses is unnecessarily cumulative and would unfairly prejudice Nebraska Beef.

Plaintiffs have represented to this Court and Counsel for Nebraska Beef that this jury trial should take no more than two weeks to try. To that end, Nebraska Beef requests that Plaintiffs be prohibited from calling more than 20 fact witnesses to testify at trial. Currently, Plaintiffs' witness list identifies 84 individuals which they will call to testify. Additionally, they identify "all opt-in plaintiffs" as people they will call to testify. Allowing plaintiffs to call over 600 witnesses would be cumulative, unnecessary and would unfairly prejudice Nebraska Beef's ability to present its defense to plaintiffs' claims. Rather, plaintiffs should be limited to 20 fact witnesses in addition to their 2 expert witnesses. There are 9 named plaintiffs who have held themselves out as, and designated as representative of, the class in these cases. Setting the number of witnesses at 20 would allow plaintiffs the option of presenting 11 additional witnesses in addition to their identified experts.

Also, requiring plaintiffs to identify the individuals they truly intend to call is appropriate. Doing so clearly achieves the goal of judicial economy and serves the interests of

justice. At a minimum, the date by which the identification must be made should be the date of the pretrial conference; May 27, 2010.

**5.  Opinions not disclosed by Plaintiffs' experts are inadmissible.**

A district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the Court's pretrial order. *Life Plus Int'l v. Brown*, 317 F.3d 799, 803 (8th Cir. 2003) (quoting *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 51 (8th Cir. 1982)). Disclosing new expert opinions at trial is the epitome of unfair surprise and unfair prejudice, and such opinions should be excluded. Fed.R.Civ.P. 26; *see also Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 759-760 (8th Cir. 2006).

**6.  Reference to "collective bargaining," "union," or similar status of employees at Nebraska Beef or other similar establishments is irrelevant and unfairly prejudicial.**

The employees at Nebraska Beef are not subject to a collective bargaining agreement and have chosen not to be affiliated with any union. It is anticipated that Plaintiffs and their counsel may characterize this fact in a negative light for purposes of creating an impression that class members are treated unfairly. The presence of absence of a Union or collective bargaining position is not probative of any material fact in this case and should have no bearing on the outcome of this case because it is not relevant to these proceedings and would unfairly prejudice Nebraska Beef in its defense.

**7.  Reference to "moral" or "ethical" obligations to "adequately" pay employees is irrelevant, inflammatory, and prejudicial.**

Plaintiff may seek to argue to the jury that Nebraska Beef has moral or ethical obligations to adequately pay its employees. Aside from the blatant fact that such a statement assumes Nebraska Beef *doesn't* already adequately pay its employees, such argument is also irrelevant.

Not only is it irrelevant to a determination of the issues Plaintiffs must prove, but even assuming, *arguendo*, there existed some probative value, it would be substantially outweighed by the unfair prejudice that would result. "A party may not induce a larger verdict by argument calculated to distract the jury's attention from the issues or by prejudicial statements which have no support in the evidence." *Harmon Cable Communications v. Scope Cable Television, Inc.*, 237 Neb. 871, 894-895, 468 N.W.2d 350, 365 (1991).

## 8. Reference to Nebraska Beef's Agreement Permitting Visitor Access is irrelevant and unfairly prejudicial to Nebraska Beef.

Plaintiffs and their expert witness, Ken Mericle, made two separate site visits to the Nebraska Beef plant; one in December, 2008, and one in July, 2009. Prior to being granted access to Nebraska Beef's facilities counsel for Nebraska Beef required all members of Plaintiffs' team to sign an Agreement to maintain confidentiality and waive any liability of Nebraska Beef. Nebraska Beef anticipates that Plaintiffs may attempt to discuss or offer evidence of this agreement which has no bearing on how Nebraska Beef compensates its employees or the time which employees spend donning and doffing equipment. Furthermore, the danger to outsiders who are entirely unfamiliar with the layout of Nebraska Beef's plant, are busily video taping events and perhaps not paying adequate attention to their surroundings bears no resemblance to employees who are familiar with their surroundings, experienced with the equipment and processes and concentrating on performing the task they are paid to perform. As a result, such evidence is irrelevant.

Evidence of the Agreement is also unfairly prejudicial in that the jury would likely infer, and Plaintiffs may argue, that an environment requiring a release of liability is a dangerous environment that requires, for example, a higher rate of pay. The *rate* of pay, however, is not

germane to this action. The jury should not be enflamed into making an award of damages due to a perceived environmental danger in a totally different setting (i.e., potentially distracted persons unfamiliar with the plant as opposed to employees concentrating on their job duties).

**9.   Reference to Nebraska Beef's Policy regarding Family and Medical Leave Act of 1993 for the reason that it is irrelevant.**

Plaintiffs may make reference to Nebraska Beef's FMLA policies. This case has nothing to do with the FMLA and therefore any reference to Nebraska Beef's policies is irrelevant and poses a danger of jury confusion as to what issues are actually presented in this case. Any such evidence should be excluded.

**10 – 12.   Nebraska Beef's HACCP Plans and SSOP Program are proprietary and virtually irrelevant, and the portions that are of arguable relevance are more easily elicited through other means.**

Pursuant to USDA regulations, Nebraska Beef is required to develop and maintain various documents, among which include a Hazard Analysis and Critical Control Point document ("HACCP Plan") and a Sanitation Standard Operating Procedure Program ("SSOP Program"). The HACCP Plans set forth the written plan for production processes at Nebraska Beef and does not pertain to employee activity. The SSOP Program sets forth, primarily, facility sanitation procedures of the plant. These are proprietary documents and are not made publicly available, even through a Freedom of Information Act requests, and have only been produced in this litigation subject to a Confidentiality Agreement.

These documents are each hundreds of pages long and touch on a variety of issues. Due to their breadth, virtually all of the material contained therein is irrelevant to the issues in the instant case. The only possible exception is that limited portions of the SSOPs make some

8

reference to an issue Plaintiffs may assert is relevant. However, even the little information that Plaintiffs may assert is relevant is entirely available in non-proprietary documents and through testimony that is, in all likelihood, uncontroverted.

In short, the HACCP Plans and SSOP Program are proprietary and the vast majority of the information is wholly irrelevant. The availability of other, non-proprietary sources of information will prevent Nebraska Beef's proprietary processes and procedures from being needlessly placed in the public record and will eliminate lengthy redactions of irrelevant portions and the potential need to submit the documents under seal.

**13.     Reference to any status report from Rust Consulting for the reason that they are inadmissible hearsay and irrelevant.**

As this Court is aware, Rust Consulting has served as the Notice administrator for both the FLSA class notice and the Rule 23 class notice. Plaintiffs may attempt to reference status reports of the number of "opt-in" or "opt-out" individuals. Quite simply, such evidence is irrelevant to these proceedings and is inadmissible hearsay to which no exception applies. The information reported by Rust does not make the existence of any material fact more or less likely.

**14.     Declarations submitted by any of the Plaintiffs are inadmissible hearsay.**

It is anticipated Plaintiffs may seek to introduce testimony of one or more Plaintiffs via written Declaration. The application of the hearsay rules is straightforward. Nebraska Beef recognizes the Court is well aware of the rules against hearsay and therefore will not unnecessarily lengthen the instant brief with extensive discussion of the hearsay rules. Nebraska Beef simply points out their applicability.

The declarations of Plaintiffs directly relate to factual questions at issue and would have no purpose other than proving the truth of the matters asserted therein. As the declarations would be sought to be used by Plaintiffs themselves, they are not admissions by a party opponent, nor do they fall within any exception under Rule 803. None of the Plaintiffs are unavailable as defined by Rule 804, and even if they were, the contents of the declarations do not fall within the hearsay exceptions of 804(b). Lastly, the elements of Rule 807's residual exception are not met because the declarations are far less probative than the actual testimony of Plaintiffs themselves, and the interests of justice would be thwarted if the declarations were admitted.

**15 - 16.     Pleadings listed in paragraphs 15 and 16 are irrelevant and inadmissible hearsay.**

It is anticipated Plaintiffs may seek to admit various pleadings submitted in this action, such as Nebraska Beef's Rule 7.1 Corporate Disclosure Statements and Plaintiffs' Complaints and/or Amended Complaints. These documents are irrelevant and constitute hearsay and should therefore be excluded.

With regard to Rule 7.1 disclosures, there is no factual issue relevant to this proceeding regarding any information contained in the forms. Moreover, it is absolutely unimaginable that Nebraska Beef's business entity citizenship, corporate affiliations, or financial interests have bearing on the donning and doffing activities of its employees. Due to the absence of probative value and risk of confusing the jury, these documents should be excluded. Fed.R.Evid. 401-403.

With regard to any attempt by Plaintiffs to offer their own Complaints or Amended Complaints, this is completely barred by the hearsay rule. While a party opponent may certainly use admissions contained in pleadings, Nebraska Beef is aware of no authority permitting

averments made in one's own pleadings to be used in support of its claims in light of the risk that such allegations could be taken as substantive evidence. Accordingly, not only are the pleadings inadmissible hearsay and irrelevant for any purposes, there is a substantial likelihood that the jury may become misled or confused by such "evidence." Fed.R.Evid. 401-403, 801 *et seq.*

**17 – 18.     The Notices of Class Action and Opt-in forms, Consent forms, etc. are irrelevant, hearsay, and unfairly prejudicial.**

To the extent Plaintiffs would attempt to offer the notices of class action, opt-in forms, consent forms, or claim forms, these must be excluded as irrelevant, hearsay, and unfairly prejudicial.

First, Nebraska Beef cannot conceive a circumstance under which these documents would be relevant, but even if there was such a circumstance, hearsay rules bar their admission. For example, there is no issue of whether a particular plaintiff did/did not receive a notice for purposes of opting into the class. These documents would only be used to prove their contents, and as such, must be excluded.

Perhaps more importantly, permitting the jury to see the notices of class action – that were sent from this Court – may be viewed by the jury as placing the judicial stamp of approval on Plaintiffs' assertions. There is no probative value to any of these documents, and given the extremely high risk of misleading and confusing the jury, they should be excluded as evidence. Fed.R.Evid. 401-403.

**19.     Reference to the jobs performed at Nebraska Beef as, for example, "Grueling," "Dirty," "Dangerous," "Low Paying," or other similar characterizations which are derisive of the work performed.**

It is anticipated that Plaintiffs may attempt to characterize the work performed using terms such as "grueling," "dirty," "dangerous," "low paying" and words of similar meaning. Allowing plaintiffs to do so is unfairly prejudicial, risks confusion of the jury and should not be allowed. While Plaintiffs may argue the relevance of such characterizations the reality is that there exists a likelihood that the jury would conclude that an award of damages is proper simply because they may perceive the job to be difficult or low paying. However, neither the difficulty of the job or, as discussed in Section 8 above, the rate of pay is at issue in the case.

Furthermore, it is one thing to point out that an employee can get "dirty" while performing a job and quite another to characterize the job itself as a "dirty job." Nebraska Beef seeks to exclude the latter specific characterization and not the former generalized editorial. To allow otherwise again runs the risk of jury confusion and unfair prejudice.

**20.     Reference to other "donning and doffing" lawsuits or evidence of settlements involving other meat processing companies for the reason that such evidence is irrelevant and unfairly prejudicial.**

Evidence of "donning and doffing" lawsuits or settlements involving those types of cases against other meat processing companies are irrelevant to how Nebraska Beef compensates its employees and should be excluded. Clearly it would unfairly prejudice Nebraska Beef to allow the jury to consider evidence that other companies have faced and settled these types of cases in the same way that the jury is not allowed to know of settlement discussions that may have taken place between parties to this case.

**21. Reference to Nebraska Beef's revenues, net worth or similar evidence as such evidence is irrelevant and unfairly prejudicial.**

Plaintiffs may attempt to proffer evidence of Nebraska Beef's revenues, net worth or similar financial information. Allowing this type of information to be presented to the jury creates an unfair risk that an award would be based, not upon the facts of whether Nebraska Beef compensates its employees for all time worked, but on a perceived financial ability for it to pay a damage award. Such a result would be improper. If the jury were to conclude that Plaintiffs spent time "working" for which they were not compensated, the only relevant issue, even as to Plaintiffs' unjust enrichment claim, would be how much money would *the Plaintiffs* would have earned had they been paid for that time. The amount of revenue generated by Nebraska Beef bears on no issue in this case and should be excluded.

DATED this 14th day of May, 2010.

        NEBRASKA BEEF, INC., and NEBRASKA
        BEEF, LTD., Defendants,

By:   /s/ Brian J. Brislen
       William M. Lamson, Jr., #12374
       William R. Settles, #19879
       Brian J. Brislen, #22226
       LAMSON, DUGAN and MURRAY, LLP
       10306 Regency Parkway Drive
       Omaha, NE 68114-3743
       Telephone: (402) 397-7300
       Telefax: (402) 397-7824
       wml@ldmlaw.com
       wrs@ldmlaw.com
       bjb@ldmlaw.com
       *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2010, I served the foregoing Motion in Limine on the following individuals listed below via email:

Brian P. McCafferty - cafstar@aol.com
KENNEY, MCCAFFERTY LAW FIRM
3031C Walton Road
Suite 202
Plymouth Meeting, PA 19462
-and-
Michael Hamilton - mhamilton@provostumphrey.com
PROVOST, UMPHREY LAW FIRM - NASHVILLE
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
-and-
Russell D. Henkin - rhenkin@bm.net
Shanon J. Carson - scarson@bm.net
Ellen T. Noteware - enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
-and-
Todd Schneider - tschneider@schneiderwallace.com
Carolyn H. Cottrell - ccottrell@schneiderwallace.com
SCHNEIDER WALLACE LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
-and-
Philip A. Downey - downeyjustice@gmail.com
P.O. Box 736
Unionville, PA 19375
-and-
Christopher P. Welsh - cwelsh@welsh-law.com
James R. Welsh - jwelsh@welsh-law.com
WELSH & WELSH, P.C., L.L.O.
9290 West Dodge Road, Suite 100 The Mark
Omaha, NE 68114
*ATTORNEYS FOR PLAINTIFFS*

/s/ Brian J. Brislen

#477501