## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| FERMIN CORTEZ, *et al*., | Case No. 8:08-cv-00090 |
| and | |
| DAVID CHUOL, *et al*., on behalf of themselves and all others similarly situated, | Case No. 8:08-cv-00099 |
| Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* REGARDING CITIZENSHIP OR IMMIGRATION STATUS OF PLAINTIFFS AND CLASS MEMBERS** |
| vs. | |
| NEBRASKA BEEF, LTD. and NEBRASKA BEEF, INC. | |
| Defendants. | |

Plaintiffs respectfully move the Court to preclude Defendants' witnesses and defense counsel from testifying, referencing, arguing, questioning, commenting, inferring or submitting documentary evidence concerning the citizenship or immigration status of Plaintiffs and Class members.

### I.    INTRODUCTION

In their Omnibus Motion *In Limine* (Dkt. No. 331), specifically Motion *In Limine* No. 1, Plaintiffs seek to preclude Defendants from making any reference to Plaintiffs' and Class members' immigration status.  The following brief offers supplemental authority for Plaintiffs' arguments that reference to such status is inadmissible because it is (1) irrelevant, (2) highly prejudicial to Plaintiffs and the Class, and (3) would mislead the jury.

II.   **ARGUMENT**

A.   **Plaintiffs' and Class Members' Immigration Status Is Irrelevant to a Determination of Whether the FLSA and Corresponding Nebraska Statutes Have Been Violated**

The immigration status of Plaintiffs and other Class members is irrelevant to these proceedings, and Defendants have made no credible argument to the contrary. Defendants assert that "given the nature of Plaintiffs' allegations, the evidence in this case may necessarily touch upon the fact that one or more of the class members is an immigrant." *See* Defendant's Brief in Support of Motion In Limine (Dkt. No. 225) at p. 4. However, the only example Defendants provide of such a scenario involves the assertion that immigration status is somehow relevant as to whether English is a second language for Plaintiffs or other Class members. *Id*. This argument should be afforded no weight, given that immigration status is clearly unrelated to whether an individual is proficient in speaking and/or reading English.

1.   **Undocumented employees are afforded the same protections under the FLSA as all other employees**

The protections afforded employees under the FLSA extend to undocumented workers. For example, the 11th Circuit expressly held that the FLSA applies to undocumented workers because they fall under the FLSA's broad definition of an "employee" – any individual employed by an employer. *Patel v. Quality Inn South*, 846 F.2d 700, 701 (11th Cir. 1988). Many other courts have likewise concluded that the FLSA applies to undocumented workers. *See, e.g., In re Reyes,* 814 F.2d 168, 170 (5th Cir. 1987); *Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483, 1485 (10th Cir.1985); *Lopez v. Rodriguez,* 668 F.2d 1376, 1377-78 & n. 4 (D.C.Cir.1981); *see also Serrano v. Underground Utilities Corp.*, 970 A.2d 1054 (N.J.Super 2009). Defendants acknowledge that "some" courts have concluded that evidence regarding immigration

2

status is irrelevant for purposes of the FLSA.  *See* Defendant's Brief Opposing Plaintiffs'
Omnibus Motions *in Limine* (Dkt. No. 236) at p. 3 (citing to *Serrano v. Underground
Utilities Corp.*, 970 A.2d 1054 (N.J.Super 2009)).

### 2.    Defendants mischaracterized the cases cited in its opposition to Plaintiffs' Motions *In Limine*

Defendants mischaracterize the holdings of the cases cited in its brief.  For
example, Defendants cite to *Hoffman Plastics Compound v. NLRB* for the proposition
that the NLRB could not award backpay to an "undocumented alien" who had been
terminated in violation of the National Labor Relations Act.  *See* Defendant's Brief
Opposing Plaintiffs' Omnibus Motions *in Limine* (Dkt. No. 236) at p. 3.  However,
Defendants fail to mention that the back pay the court refused to award in *Hoffman* was
for work that they "would have performed[,]" not for work *already* performed, as
contemplated by the FLSA.  *Hoffman Plastics Compound v. NLRB,* 535 U.S. 137, 160
(2002).  The ruling in *Hoffman* is simply not relevant to an assessment of whether
undocumented employees are entitled to the protections of the FLSA.  *See, e.g., Flores v.
Amigon*, 233 F. Supp. 2d 462 (E.D.N.Y. 2002) (holding Hoffman inapposite for actions
under FLSA and New York Labor Law and barring discovery of immigration status in
context of such actions); *Liu v. Donna Karan Intern., Inc.,* 207 F.Supp.2d 191, 192
(S.D.N.Y. 2002) (same).

Similarly, Defendants cite *Avila-Blum v Casa de Cambio Delgado, Inc*. for the
proposition that immigration status may be raised at trial.  *See* Defendant's Brief
Opposing Plaintiff's Omnibus Motions *in Limine* (Dkt. No. 236) at p. 3.  However,
though the *Avila* court allowed testimony regarding potentially falsified employment
records, the court ordered the defendant-employer to explore those issues "without
opening broader collateral issues pertaining to Avila-Blum's immigration status."  *Avila-*

*Blum v Casa de Cambio Delgado, Inc*., 236 F.R.D. 190, 192 (S.D.N.Y 2006).

Defendants find support for their erroneous argument by including only a portion of the

following citation:

> Here, if Defendants possess any documentation supporting their assertion that
> Avila-Blum may have falsified employment records, or have a good faith basis
> substantiating such a belief, properly limited and narrowly tailored examination in
> deposition and at trial may be permissible without opening broader collateral
> issues pertaining to Avila-Blum's immigration status.

*Id* (emphasis added to portion of sentence that is not included in Defendants' citation).

**B.      Even If Evidence Regarding Plaintiffs' or Class Members'
Immigration Status Were Relevant, Such Evidence Should Be
Excluded Because It Would Be Highly Prejudicial to Plaintiffs
and Would Mislead the Jury**

Even if the Court were to determine that Plaintiffs' and Class members'

immigration status is relevant to these proceedings, such evidence should nonetheless be

excluded because it would be highly prejudicial to Plaintiffs.  Under the Federal Rules of

Evidence, even relevant evidence will nonetheless be excluded where the relevance of

such evidence is "substantially outweighed by the danger of unfair prejudice, confusion

of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence."  *See* Fed.R.Evid. 403.  That is certainly

the case here.

Immigration, particularly "illegal" immigration, is a highly charged and

polarizing issue, particularly in parts of the country with large communities of

undocumented immigrants.  The intense feelings on both sides of the immigration debate

are evidenced by the intense controversy surrounding the passage of Arizona's new

immigrations laws.  Furthermore, particularly in a down economy, it is not uncommon to

hear blame placed on undocumented workers for loss or unavailability of jobs.  These

issues, coupled with the fear that "illegal" immigration will lead to acts of terrorism or

other crime, establish that any relevance immigration status might have to these proceedings is outweighed by the risk that the introduction of such evidence will prejudice the jury against Plaintiffs.[1]

Courts have recognized the potential for prejudice outweighs any probative value of evidence of immigration status.  *See, e.g., Flores,* 233 F. Supp. 2d at 465 (in case brought under FLSA and New York Labor Law, holding, "[n]ot only does this Court find that the information is not relevant to Defendants' defense, but…even if it were, the potential for prejudice far outweighs whatever minimal probative value such information would have.").  One court in the 8th Circuit also implicitly recognized the potential for plaintiffs to suffer prejudice and other consequences as a result of inquiries into their immigration status.  The Minnesota District Court refused to compel plaintiffs in a sexual harassment case to answer questions at deposition regarding their use of multiple social security numbers, where the defendant-employer was asking for purposes of inquiring into their immigration status, even though the Court acknowledged that the employees' actions could impact their credibility.  *Sandoval v. American Bldg. Maintenance Industries, Inc.*, 267 F.R.D. 257, 276 (D.Minn. 2007).  The *Sandoval* court ultimately held that the "… minimal bearing that using multiple social security numbers may have on plaintiffs' credibility does not outweigh the chilling effect it would have on them as victims of sexual harassment from coming forward to assert their claims."  *Id.*  The Court further noted that, although the defendant-employer could question the plaintiffs

---

[1] Despite Defendants' opposition to Plaintiffs' Motion *in Limine* on the subject, Defendants filed a similar Motion *in Limine*, in which they seek to preclude testimony regarding an INS investigation at Defendants' plant and reference to "employee immigration status," "immigration investigations," and other similar terms because Defendants argue they are "irrelevant, highly prejudicial, and constitute[] impermissible character evidence."  *See* Defendant's Brief in Support of Motion In Limine (Dkt. No. 225) at pp. 3-4.  Defendants are clearly attempting to create a situation where they can offer evidence of immigration status to the jury when they so choose, but Plaintiffs are prevented from introducing evidence on the same topic that is beneficial to their case.  This Court should prevent Defendants from doing so.

regarding any false names or aliases they may have used, it could not ask questions

regarding why the plaintiffs engaged in such behavior, presumably because their

immigration status would likely be implicated.  *Id*. at 277.

Furthermore, the introduction of evidence regarding immigration status is likely

to mislead the jury into believing that there is an unresolved issue with respect to whether

undocumented workers can lawfully make a claim under the FLSA.  For example, if the

defense questions a witness regarding his or her immigration status, a juror could easily

infer that the immigration status of Plaintiffs and Class members is somehow an element

of the claims.  As such, Defendants should be precluded from raising this issue at trial.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude

Defendants' witnesses and defense counsel from testifying, referencing, arguing,

questioning, commenting, inferring or submitting documentary evidence concerning the

citizenship or immigration status of Plaintiffs and Class members.


Respectfully submitted,


August 27, 2010                          s/  *Carolyn H. Cottrell*
                                         Carolyn H. Cottrell (*pro hac vice*)
                                         Todd M. Schneider (*pro hac vice*)
                                         SCHNEIDER WALLACE
                                         COTTRELL BRAYTON KONECKY LLP
                                         180 Montgomery Street, Suite 2000
                                         San Francisco, California 94104
                                         Tel: (415) 421-7100
                                         Fax: (415) 421-7105
                                         tschneider@schneiderwallace.com
                                         ccottrell@schneiderwallace.com

                                         Shanon J. Carson (*pro hac vice*)
                                         Russell D. Henkin (*pro hac vice*)
                                         Ellen T. Noteware (*pro hac vice*)
                                         BERGER & MONTAGUE, P.C.

1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net
rhenkin@bm.net
enoteware@bm.net

Philip A. Downey (*pro hac vice*)
P.O. Box 736
Unionville, Pennsylvania 19375
Tel: (610) 324-2848
Fax: (610) 347-1073
downeyjustice@gmail.com

Christopher P. Welsh (State Bar No. 22279)
WELSH & WELSH, P.C., L.L.O.
2027 Dodge Street, Suite 400
Omaha, Nebraska 68102
Tel: (402) 384-8160
Fax: (402) 384-8211
cwelsh@welsh-law.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2010, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such

filing to the following:

Brian J. Brislen                    bbrislen@ldmlaw.com, rebeccal@ldmlaw.com

Shanon J. Carson                    scarson@bm.net

Carolyn H. Cottrell                 ccottrell@schneiderwallace.com,
                                    efilings@schneiderwallace.com,
                                    mlewis@schneiderwallace.com

Philip A. Downey                    downeyjustice@gmail.com

Michael Hamilton                    mhamilton@provostumphrey.com,
                                    lheembrock@provostumphrey.com

Russell D. Henkin                   rhenkin@bm.net

William M. Lamson, Jr               wlamson@ldmlaw.com, amyk@ldmlaw.com

Brian P. McCafferty                 cafstar@aol.com

Ellen T. Noteware                   enoteware@bm.net

Todd M. Schneider                   tschneider@schneiderwallace.com,
                                    efilings@schneiderwallace.com

William R. Settles                  wsettles@ldmlaw.com, jray@ldmlaw.com

Christopher P. Welsh                cwelsh@welsh-law.com

James R. Welsh                      jwelsh@welsh-law.com

                                     s/ Carolyn H. Cottrell
                                    Carolyn H. Cottrell (pro hac vice)
                                    California Bar No. 166977
                                    SCHNEIDER WALLACE
                                    COTTRELL BRAYTON KONECKY LLP
                                    180 Montgomery Street, Suite 2000
                                    San Francisco, California 94104
                                    Tel: (415) 421-7100
                                    Fax: (415) 421-7105
                                    ccottrell@schneiderwallace.com