IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN CORTEZ, on behalf of themselves and all other similarly situated individuals, et al., | ) ) ) ) | 8:08CV90 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| NEBRASKA BEEF, INC., and NEBRASKA BEEF, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| DAVID CHUOL, on behalf of himself and all other similarly situated individuals, | ) ) ) ) | 8:08CV99 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| NEBRASKA BEEF, Ltd., | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court after a hearing on motions in limine on September 8, 2010. This order supplements findings made on the record at the hearing.

**I.    Nebraska Beef's motion to communicate with class members, Filing No. 226 in 8:08CV90; Filing No. 333 in 8:08CV99.**

Nebraska Beef seeks leave of court to allow it to place a memorandum from management and a postage paid opt-out card in the envelopes in which current employees receive their weekly pay. *See, e.g.*, Filing No. 227, Index of Evid., Ex. A, Memorandum;

Ex. B, opt-out card. It contends that the communications are factual and noncoercive. The plaintiffs oppose the motion. Filing No. 234.

Court-approved notice has already been sent to class members. *See, e.g.*, Filing Nos. 202, 220 in 8:08CV90. This court rejected Nebraska Beef's argument that a postage-prepaid opt-out form should be included with the Notice to the Class. *See* Filing No. 307. The court finds that Nebraska Beef's proposed "paycheck stuffer" is unnecessary and redundant. Class members have already been informed of their right to opt out in a notice that conveyed objective, neutral information about the nature of the claim and the consequence of proceeding as a class. The court finds the communication could understandably be viewed as a solicitation to opt out that is coercive in the context of the employer/employee relationship.

Moreover, the court finds that Nebraska Beef's First Amendment rights are not implicated here. Commercial speech is assigned a "subordinate position in the scale of First Amendment values." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978). In general, orders limiting communications regarding ongoing litigation satisfy First Amendment concerns. See *Kleiner v. First Nat. Bank of Atlanta,* 751 F.2d 1193, 1206 (11th Cir. 1985). The court thus finds the defendant's motion should be denied.

## II.   Defendants' motion in limine, Filing No. 224 in 8:08CV90, Filing No. 329 in 8:08CV99.

The motion is sustained in part and overruled in part as follows. With respect to immigration status, the motion is sustained. With respect to the mention of a lawsuit as it relates to Nebraska Beef and USDA or its employees or a recall that relates specifically to Nebraska Beef, the motion in limine is generally sustained. However, the plaintiffs are

not precluded from referring to the importance of sanitation to the extent it is relevant to the evidence presented at trial.

The defendants' motion to preclude the plaintiffs from calling more than 20 fact witnesses has been withdrawn. By mutual agreement, the parties will identify 20 witnesses as representative of the class. The parties agree that expert opinions that have not been disclosed will be precluded, except for permissible rebuttal.

The defendant's motion to preclude mention of moral or ethical obligations is sustained. Similarly, the motion is sustained with respect to evidence of Nebraska Beef's agreement permitting visitor access, except to the extent that plaintiffs can document that the visitor access program precuded an expert from performing an investigation. The motion to preclude any issues with respect to Nebraska Beef's Family Medical Leave Act, the HCCAP plan for fabrication or slaughter, or the SSOP program is sustained, subject to establishment of relevance to sanitation and washing issues. The parties agree that if the issue arises, the plaintiffs will call for a sidebar to address the proprietary concerns of the defendants. The defendants' motion in limine to preclude testimony, mention or reference to a status report from Rust Consulting, declarations, disclosures of corporate affiliations, complaints and amended complaints, opt-in forms, consent forms or claim forms, and notices of class action is sustained.

With respect to evidence that the jobs at issue are grueling, dangerous, dirty or low-paying, the defendants' motion is generally overruled. The defendants' motion in limine with respect to evidence of other lawsuits or settlements is generally sustained, but evidence that the defendants continued to conduct themselves in a particular manner after the Supreme Court decision in *Alvarez* may be relevant to the issue of wilfulness and will be permitted on a proper showing of relevance and foundation. The defendants' motion

will also be sustained with respect to evidence of revenues or net worth, since punitive damages are not at tissue in the case.

### III.  Plaintiffs' omnibus motions in limine, Filing No. 331 in 8:08-cv-99.

The plaintiffs' motion is generally sustained.  The court will sustain the motion with respect to evidence of citizenship.  The defendants agree that evidence of a criminal record should not be admitted except to the extent consistent with the Federal Rules.  Defendants similarly concede that evidence of any class members' financial difficulties, foreclosures, bankruptcies or civil or domestic relations actions should not be permitted.  With respect to Dr. Fernandez's testimony, the court cannot rule until it hears the testimony.

Regarding evidence of other jobs or pursuits, the plaintiffs' motion in limine is sustained except testimony to impeach a witness concerning time commitments that relate to other employment or other obligations.  The motion to preclude evidence of disciplinary actions will be sustained except for purposes of impeachment for witnesses who are called to testify.  The court finds there should be a limited reopening of discovery to allow the disclosure of any disciplinary actions against witnesses the plaintiffs intend to call.

With respect to the motion in limine to preclude evidence of legal materials, Department of Labor investigations of other processing plants, or industry practice in support of a de minimis defense, the court finds that the motion should be overruled, but any materials that relate to the issue must be presented to the court for review prior to any presentation to the jury.

With respect to the plaintiffs' motion to preclude references to any failure to complain, the motion is sustained with respect to individual members of the class, but the court will withhold ruling on the motion to the extent it relates to a willfulness claim that may

be developed at trial. Plaintiffs' motion with respect to defendants' claim of adding five minutes to the workday was withdrawn.

With respect to evidence of overtime payments, the motion is overruled at this time, subject to reassertion at trial. Plaintiffs' motion to preclude evidence from Nebraska Beef concerning the extent of the economic damages suffered by the plaintiffs and other class members in this case is sustained because defendants have not disclosed an economic damages expert. The motion to preclude reference to Nebraska Beef's financial condition is also sustained. With respect to issues of personal liability, the defendants agree that, generally speaking, the issue of whether they pay it personally or whether it comes from an insurance company or whether it comes through the corporation is not relevant. The plaintiffs have withdrawn the motion with respect to reference to Fermin Cortez.

The plaintiffs' motion with respect to the testimony of Dr. Fernandez is overruled at this time, subject to reassertion. The court will reserve ruling subject to a proper showing of foundation. With respect to Dr. Fernandez's analysis, the motion is overruled at this time pending a *Daubert* analysis at trial. With respect to testimony that personal protective equipment is not required or that the cleaning or sanitizing of the particular is not required, the court will reserve ruling and will give general guidelines at trial. With reference to references to the number of potential class members who have submitted opt-out forms, the plaintiffs' motion is sustained and Dr. Steward's computations, to the extent that he does any calculations for the classes or money damages for each class, will be precluded at the time of trial except for the purposes of the court's computation of damages.

The motion to preclude reference to the circumstances under which the plaintiffs or other members of the class employed a lawyer or the motive or that purpose or result of

the lawsuit will be to compensate plaintiffs' lawyers is sustained, as is the motion to preclude objections to written discovery. Discovery disputes are not generally part of the trial; any exception can be taken up at trial.

The parties agree that if the plaintiffs identify a witness who is a party or an officer or director of the defendants and provides one month's notice, the defendants will produce those witnesses and if they do not, then that person cannot be called for the rest of the trial. The request for a sequestration order is sustained except for experts and persons designated as a representative for the party. The court will inform the jury that witnesses cannot attend the trial before they testify. The court will sustain the motion with respect to calling plaintiffs' attorneys to testify; defendants represent that they have no present intention to do so. Similarly, defendants have no present intention to introduce documents not disclosed in discovery. Accordingly, the court will sustain the plaintiffs' motion in that respect, consistent with the Federal Rules. Defendants agree to the preclusion of evidence of settlement negotiations and any reference to the plaintiffs' counsel's involvement in any other donning or doffing cases.

DATED this 21st day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge